Labatjve, J.
This suit is brought on eight promissory notes, amounting together to $20,123 51 in principal, executed by Hunt & Gillespie in favor of the plaintiff, for the price of a tract of land sold by plaintiffs to said Hunt & Gillespie, on the 13th September, 1858, the land remaining specially mortgaged to secure the payment of said notes. On the 2d day of June, 1862, George E. Gillespie, the co-proprietor of Hunt, reconveyed his undivided half to the said Hunt, who obligated himself, in part consideration for said sale, to pay the mortgage in favor of plaintiffs; and afterwards, on the 23d April, 1863, said Hunt resold the whole tract of land to John J. Whitworth and John Poag, composing the firm of Whit-worth & Poag, and James Bonds, in the following proportions: One undivided half to Whitworth & Poag, and the other undivided half to James Bonds. The said purchasers, as a part of the price, assumed the mortgage debt due the plaintiff.
The plaintiffs prayed for a personal judgment against Hunt & Gillespie, the original purchasers and makers of the notes, and against Whitworth & Poag and Bonds, on their assumption of the mortgage debt, and that their mortgage be recognized and enforced, the land seized and sold.
James Bonds alone appeared, and filed the following exception:
“In this case the defendant, James Bonds, excepts to the plaintiffs’ petition, upon the following grounds, viz: That the cause of action against T. O. Hunt is entirely distinct and separate from that set forth against this defendant, the rejection or the success of the one, not involving the rejection or success of the other, and the same demands being separate and distinct and against separate parties, cannot be cumulated. Wherefore, the defendant prays that plaintiffs be ordered to elect which of said demands they will prosecute, and in the event of his refusal to elect, that this suit be dismissed, and for costs and general relief.”
This exception was sustained, and the plaintiffs appealed.
*453 We are clearly of opinion that the Court erred. The defendants are hypothecarilybound as holders of the mortgaged property, and personally bound under their assumption of the mortgage debt due the plaintiffs. We understand the suit to be that the defendants pay the mortgage debt due the plaintiffs, and that the mortgage be recognized, and the land seized and sold to pay said debt.
It is therefore adjudged and decreed, that the judgment appealed from be annulled and avoided; it is further ordered and decreed, that the exception be overruled and the case remanded, to be proceeded with according to law, and that the appellee pay costs of appeal.